IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE JOHNSON, 271-567 | * | |
| | * | |
| v. | * | Civil No. CCB-14-1582 |
| DPSCS SECRETARY GARY MAYNARD, *et al.* | * | |
| | * | |
| | *** | |

**MEMORANDUM**

Pending is Tyrone Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 conviction in the Circuit Court for Baltimore City for first degree murder and related offenses. (ECF No. 1.) Respondents have filed a limited answer, which requests dismissal of the petition as time-barred. (ECF No. 3.) Johnson was provided an opportunity to reply, but has not done so. (ECF No. 4.) Because a hearing is unnecessary under Local Rule 105.6 (D. Md. 2014), the court now rules and finds that Johnson's petition is time-barred.

**BACKGROUND**

In December of 1997, Johnson was convicted in the Circuit Court for Baltimore City of first degree murder and related handgun offenses. (ECF No. 3, Exs. 1, 2.) On February 3, 1998, Johnson was sentenced to serve life in prison. (*Id*.)

On direct appeal, the Maryland Court of Special Appeals affirmed Johnson's judgment of conviction in an unreported opinion filed on May 11, 1999. (ECF No. 3, Ex. 2.) The court's mandate issued on June 10, 1999. (*See id.*) Johnson did not seek review by the Maryland Court of Appeals. (ECF No. 1, at 3.)

On February 5, 2008, Johnson filed a petition for state post-conviction relief in the Circuit Court for Baltimore City. On September 2, 2010, that court denied post-conviction relief. (ECF No. 3, Ex. 1. at 8.) Johnson's application for leave to appeal the ruling of the post-conviction court was denied summarily by the Court of Special Appeals in an unreported opinion filed on July 24, 2012. The court's mandate issued on November 9, 2012. (*Id.*)

Johnson's petition for federal habeas relief is dated May 8, 2014. For purposes of assessing the timeliness of the petition under 28 U.S.C. § 2244(d), the court will treat the petition as filed with prison authorities on the same day. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mailbox rule to petition filed under 28 U.S.C. § 2255); Rule 3(d), Rules Governing Section 2254 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

## ANALYSIS

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)[1]; *Wall v. Kholi*, 131 S. Ct. 1278, 1283

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(2011).  The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  A petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Johnson presents no grounds for equitable tolling, nor are any suggested in the record.

In Johnson's case, the limitations period began to run on June 25, 1999, when the Court of Special Appeals' judgment became final.  *See* Md. Rule 8-302 (requiring certiorari petitions to be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate).  Johnson's petition, deemed filed on May 8, 2014, was filed well outside the limitations period set in 28 U.S.C. § 2244(d) because no state post-conviction or other collateral review proceedings were pending in state court between June 25, 1999, and February 5, 2008.

Notably, in his claim of prosecutorial misconduct for failure to disclose certain evidence, (ECF No. 1, at 10), Johnson does not assert timeliness should be reviewed under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Johnson does not claim he timely filed state post-conviction

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

proceedings after discovering the factual predicate for this claim[2] or that 28 U.S.C. § 2244(d)(1)(D) applies. (*See* ECF No. 1, at 10.)

In any event, Johnson's post-conviction proceedings became final on November 9, 2012, when the Court of Special Appeals issued its mandate for the opinion summarily denying his application for leave to appeal the denial of post-conviction relief. *See Sherman v. State*, 323 Md. 310, 311-12 (1991) (confirming the absence of certiorari jurisdiction to grant post-conviction relief where the Court of Special Appeals has simply denied an application for leave to appeal). More than one year passed before Johnson filed this § 2254 petition. Between November 9, 2012 and May 8, 2014—a period of over 17 months—no proceedings were pending in state court to toll the limitations period. (ECF No. 3, Ex 1.) For these reasons, Johnson's petition is untimely.

In an attempt to overcome the statute of limitations, Johnson asserts he is actually innocent under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). (*See* ECF No. 1, at 7, 10.) To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (internal citations omitted). Johnson's

---

[2] Johnson asserts the prosecution failed to disclose information related to a police interview as well as a witness's failure to identify Johnson as a suspect, evidence which would have mitigated his guilt. Johnson neither particularizes why this information is exculpatory nor states specifically when he first learned of this failure to disclose. (ECF No. 1, at 10-12.)

conclusory assertion of actual innocence fails to demonstrate new reliable evidence of innocence and is insufficient to permit this court to examine the merits of his time-barred petition.

## CERTIFICATE OF APPEALABILITY

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.  Johnson does not satisfy this standard; thus, the court declines to issue a certificate of appealability.

A separate order follows.


_____12/12/2014_____                         ___/s/_____
Date                                          Catherine C. Blake
                                              United States District Judge